B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

District of Oregon

In re Keith Gale Dieringer, Case No. 12-37666-rld11

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | JPMorgan Chase Bank, National Association |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

Phone: 1-800-621-1437
Last Four Digits of Acct #: ******9050

Name and Address where transferee payments should be sent (if different from above):
Caliber Home Loans, Inc.
P.O. Box 24330
Oklahoma City, OK 73124

Phone: 1-800-621-1437
Last Four Digits of Acct #: ******9050

Court Claim # (if known): 19-1
Amount of Claim: 84,147.71
Date Claim Filed: 11/08/2012

Phone: 
Last Four Digits of Acct. #: 4580

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: Ace Van Patten (Digitally signed by Ace Van Patten, DN: cn=Ace Van Patten, o, ou, email=avanpatten@piteduncan.com, c=US, Date: 2015.03.24 12:31:48 -07'00') Date: 03/24/2015
Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

  

**NOTE**

March 8, 1999                    PORTLAND        ,    Oregon
                                 CITY                 STATE

1160-1180 W POWELL, GRESHAM, OR 97080
                        PROPERTY ADDRESS

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 110,400.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Washington Mutual Bank.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 7.625 %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the 1st day of each month beginning on May, 1999.
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1, 2029, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date".
   I will make my monthly payments at P.O. BOX 91006 - SAS0702, SEATTLE, WA 98111, or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 781.40 .

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
   I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will apply all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this

MULTISTATE FIXED RATE NOTE - Single Family
(ASB/A300)                      Page 1 of 4                         ORIGINAL

refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of ___15___ calendar days after the date any such payment is due, I will pay a late charge to the Note Holder. The amount of the charge will be ___5.000___ % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is delivered or mailed to me (or, if the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation buy all or part of Lender's rights under the Security Instrument, in which case the notice will specify a date, not less than 30 days from the date the notice is given the Borrower).

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.



## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed ( the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower**

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 11. MISCELLANEOUS PROVISIONS

In the event the Note Holder at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical or ministerial mistake, calculation error, computer error, printing error or similar error (collectively "Errors"), I agree, upon notice from the Note Holder, to reexecute any Loan Documents that are necessary to correct any such Errors and I also agree that I will not hold the Note Holder responsible for any damage to me which may result from any such Errors.

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

X _____
KEITH DIERINGER

# ALLONGE TO MORTGAGE NOTE

LOAN NUMBER: ███████████

NOTE DATED: March 8, 1999

LOAN AMOUNT: $ 110,400.00

MORTGAGOR(s): Keith Dieringer

PROPERTY ADDRESS: 1160-1180 W Powell Gresham, OR 97080

Allonge to one certain Mortgage Note dated, <u>March 8, 1999</u> in favor of <u>Washington Mutual Bank,</u> executed by <u>Keith Dieringer</u>

Pay to the order:

Without recourse:


SELLER: JPMorgan Chase Bank, NA

BY: *[signature: Lisa Howard]*
      Lisa Howard/Vice President
      Authorized Officer

JESSE A. P. BAKER, OSB No. 100017
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>KEITH GALE DIERINGER,<br><br>Debtor(s). | Case No. 12-37666-rld11<br><br>Chapter 11<br><br>CERTIFICATE OF SERVICE |

I, Faatima V. Spraggans, declare that:

I am employed in the County of San Diego, California. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On ____August 18, 2015_____, I served the Transfer of Claim in said cause by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows:

Keith Gale Dieringer
7315 SE 152nd Ave.
Portland, OR 97236

Michael D. O'Brien
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Parkway, Suite 160
Portland, OR 97223

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on _____August 18,2015____, at San Diego, California.

CERTIFICATE OF SERVICE

| | |
|---|---|
| 1 | <u>Faatima V. Spraggans</u><br>FAATIMA V. SPRAGGANS |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CERTIFICATE OF SERVICE